UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Larry James Tyler, | | ) C/A No.: 9:13-3135-MGL-BM |
| | | ) |
| | Plaintiff, | ) |
| | | ) |
| vs. | | ) |
| | | ) Report and Recommendation |
| Wayne Byrd; | | ) |
| Eric Hodge; | | ) |
| Shawn Tunsdall; and | | ) |
| Russ Harrell, | | ) |

Defendants.

Plaintiff, a state prisoner proceeding *pro se*, files this matter pursuant to 42 U.S.C. §1983.

Plaintiff challenges a conviction for disseminating obscene material to a minor 12 years old or

younger. Defendants Hodge and Byrd allegedly obtained a seizure warrant to confiscate Plaintiff's

property and also his mother's property. Plaintiff claims "now Shawn Tunsdall and Russ Harrell join

in on supporting the lie that I was nude in photos given to a minor."

Plaintiff alleges his trial transcript will show "there [were] no nude photos and the alleged

victims stated on the witness stand in court ... that [Plaintiff] was not nude and they read no obscene

note [Plaintiff] wrote to them." Plaintiff alleges he was wrongfully convicted with no evidence.

Plaintiff asks for his trial transcript, and also asks that the court "see to it that the proper

action required by law is applied to these officers, so no one else is convicted wrongfully because

of their fabricated lies."

Under established local procedure in this judicial district, a careful review has been made of

the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A,

and the Prison Litigation Reform Act. The review has been conducted in light of the following

precedents: *Denton v. Hernandez*, 504 U.S. 25, 112 S. Ct. 1728 (1992); *Neitzke v. Williams*, 490 U.S.

319, 109 S.Ct. 1827 (1989); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972); *Nasim v. Warden,*

*Maryland House of Correction*, 64 F.3d 951 (4ᵗʰ Cir. 1995) *(en banc)*; *Todd v. Baskerville*, 712 F.2d

70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held

to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147 (4th

Cir.), and a federal district court is charged with liberally construing a complaint filed by a *pro se*

litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S.

5, 101 S.Ct. 173 (1980); and *Cruz v. Beto*, 405 U.S. 319, 92 S.Ct. 1079 (1972). When a federal court

is evaluating a *pro se* complaint the plaintiff's allegations are assumed to be true. *Fine v. City of N.*

*Y.*, 529 F.2d 70 (2nd Cir. 1975). However, even under this less stringent standard, the complaint

submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal

construction does not mean that the court can ignore a clear failure in the pleading to allege facts

which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Soc.*

*Servs.*, 901 F.2d 387 (4th Cir. 1990).

Insofar as the plaintiff's conviction, related state court proceedings, and arrest are concerned,

the § 1983 complaint is subject to summary dismissal because a right of action has not yet accrued.

*See Heck v. Humphrey*, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction
> or imprisonment, or for other harm whose unlawfulness would render a conviction
> or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence
> has been reversed on direct appeal, expunged by executive order, declared invalid by
> a state tribunal authorized to make such a determination, or called into question by
> a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for
> damages bearing that relationship to a conviction or sentence that has not been so
> invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks
> damages in a § 1983 suit, the district court must consider whether a judgment in
> favor of the plaintiff would necessarily imply the invalidity of his conviction or
> sentence; if it would, the complaint must be dismissed unless the plaintiff can

demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey, supra. See also Schafer v. Moore*, 46 F.3d 43 ( 8th Cir. 1995)("Therefore, in light

of *Heck*, the complaint was properly dismissed for failure to state a claim."); and *Woods v. Candela*,

47 F.3d 545 (2nd Cir. 1995)(*per curium*)(plaintiff's conviction reversed by state court in 1993; hence,

civil rights action timely filed). *See also Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178 (4th Cir.

1996). *Accord Smith v. Holtz*, 879 F. Supp. 435 (M.D.Pa., March 24, 1995); *Burnside v. Mathis*,

2004 WL 2944092 (D.S.C. 2004).

Plaintiff has failed to establish that his conviction has been reversed, expunged, or declared

invalid by a state court, and no federal writ of habeas corpus has been issued, therefore, this action

must be dismissed for failure to state a claim.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the complaint in the above-

captioned case *without prejudice* and without issuance and service of process, 28 U.S.C. § 1915A

[the court shall review, as soon as practicable after docketing, prisoner cases to determine whether

they are subject to any grounds for dismissal].

_____
Bristow Marchant
United States Magistrate Judge

December \_\_, 2013
Charleston, South Carolina

*The plaintiff's attention is directed to the important notice on the next page.*



### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).